UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN LANGSTON, LANGSTON ENTERPRISES, INC., KEITH GRAY d/b/a KEITH GRAY FARMS, PERRY LANCE GRAY, CANDACE GRAY PIERCE, DOYLE HOPPER, JOHN SANDERS, JERRY BENHAM and JOHN PIERCE,<br><br>*Defendants.* | Cause No. 1:10-cv-00073 SNLJ |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Summary Judgment of Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union").

### BACKGROUND

The following facts are not in dispute:

National Union issued a liability policy number AV 3790306-02 ("the Policy"), which insured Coppage Farm Service Company ("Coppage Farm") against liability for property damage from its aerial spraying operations which it conducted in the State of Missouri and the State of Arkansas. The Policy has

liability limits for property damage of $100,000 per occurrence and $100,000 in the aggregate.

While the Policy was in effect, various parties asserted property damage claims against Coppage Farm that exposed National Union to liability in excess of the limits under its policy. Specifically, National Union received the following claims:

1. Defendant Jerry Benham alleged that on or about June 1, 2009, Coppage Farm, through its employees caused damage to rice crops of defendant Benham, when chemicals being aerially sprayed by Coppage Farm drifted onto rice crops which were growing in adjacent fields or in the vicinity of the fields that were being sprayed.

2. Defendant John Pierce alleged that on or about June 9, 2009, Coppage Farm, through its employees caused damage to cotton crops of defendant Pierce, when chemicals being aerially sprayed by Coppage Farm drifted onto cotton crops which were growing in adjacent fields or in the vicinity of the fields that were being sprayed.

3. Defendants John Langston and Langston Enterprises, Inc., alleged that on or about June 20 and/or June 21, 2009, Coppage Farm, through its employees caused damage to rice and cotton crops of defendants John Langston and Langston Enterprises, Inc., when chemicals being aerially sprayed by Coppage Farm drifted onto rice and cotton crops which were growing in adjacent fields or in the vicinity of the fields that were being sprayed.

4. Defendant Keith Gray, d/b/a Keith Gray Farms, Perry Lance Gray and Candace Gray Pierce alleged that on or about June 20 and/or June 21, 2009, Coppage Farm, through its employees caused damage to cotton crops of defendants Keith Gray, d/b/a Keith Gray Farms, Perry Lance Gray and Candace Gray Pierce when chemicals being aerially sprayed by Coppage Farm drifted onto cotton crops which were growing in adjacent fields or in the vicinity of the fields that were being sprayed.

5. Defendant Doyle Hopper alleged that on or about June 20 and/or June 21, 2009, Coppage Farm through its employees caused damage to cotton crops of defendant Hopper when chemicals being aerially sprayed by Coppage Farm drifted onto cotton crops which were growing in adjacent fields or in the vicinity of the fields that were being sprayed.

6. Defendant John Sanders alleged that on or about June 20 and/or June 21, 2009, Coppage Farm through its employees caused damage to soybean crops of defendant John Sanders when chemicals being aerially sprayed by Coppage Farm drifted onto the soybean crops which were growing in adjacent fields or in the vicinity of the fields that were being sprayed.

Because these competing claims are in excess of the aggregate property damage limits under the Policy, National Union filed on May 3, 2010, its First Amended Complaint in Interpleader in the above-captioned cause to resolve potentially conflicting claims to the proceeds of the Policy.

On or about May 11, 2010, National Union deposited the proceeds of the Policy in the amount of $100,000 into the registry of the Court. In its First

Amended Complaint in Interpleader, National Union has alleged that defendants, John Langston, Langston Enterprises, Inc. Keith Gray, d/b/a Keith Gray Farms, Perry Lance Gray, Candace Gray Pierce, Doyle Hopper, John Sanders, Jerry Benham and John Pierce have asserted claims against Coppage Farm and the proceeds of the Policy.

National Union filed its Motion for Summary Judgment requesting that the Court enter its Order granting judgment in its favor and

    a)     discharging it from any further liability and dismissing it from the lawsuit;

    b)     enjoining the defendants from any further action against National Union in any way related to the Policy; and

    c)     awarding National Union its attorneys' fees and costs in the total amount of $6,716.65, representing $5,940.00 in attorneys' fees and $776.65 in costs from the funds which National Union has deposited with the Court.

The defendants John Langston, John Langston Enterprises, Inc. and Keith Gray, d/b/a Keith Gray Farms have consented to the Motion for Summary Judgment of plaintiff National Union.

Defendants Perry Lance Gray, Candace Gray Pierce, Doyle Hopper, John Sanders, Jerry Benham and John Pierce were properly served, failed to appear or otherwise defend, and were found in default on January 20, 2011, by the Clerk of this Court pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In ruling on the motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Sokol & Associates, Inc. v. Techsonic Industries, Inc., 495 F.3d 605, 610 (8th Cir. 2007).

In light of the multiple claims to the proceeds of its liability policy, National Union filed this interpeader action and deposited the policy proceeds into the registry of the Court. On or about January 19, 2011, defendant Keith Gray filed its Amended Answer and Cross Claim with the Court. On or about January 19, 2011, defendants John Langston and John Langston Enterprises, Inc., filed their Joint Answer and Cross Claim with the Court. The defendants John Langston, John Langston Enterprises, Inc., and Keith Gray, d/b/a Keith Gray Farms have consented to the Motion for Summary Judgment of plaintiff National Union.

Defendants Perry Lance Gray, Candace Gray Pierce, Doyle Hopper, John Sanders, Jerry Benham, and John Pierce were properly served and failed to appear or otherwise defend. Upon the motions of National Union, defaults were entered by the Clerk of the Court against Perry Lance Gray, Candace Gray Pierce, Doyle Hopper, John Sanders, Jerry Benham and John Pierce on January 20, 2011.

The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits and from the risk of multiple liability or inconsistent obligations when several claimants assert rights to a single stake. Essex Insurance Co. v. McManus, 2003 U. S. Dist. LEXIS 11541, 2003 WL 21693659 (E. D. Mo. 2003); citing Dakota Livestock Co. v. Keim, 552 F.2d 1302, 1306, 1307 (8th Cir. 1977). Where a stakeholder is disinterested and has deposited the stake into the Court registry, the Court may dismiss it from the interpleader action, leaving the claimants to prosecute their conflicting claims. Essex Insurance Co. v. McManus, supra, citing 4 Moore's Federal Practice 3d §22.03[2][a], p. 22-40.

Viewing the facts in the light most favorable to the defendants, this Court finds that National Union has fulfilled its obligations with regard to the proceeds of its liability policy and therefore will discharge National Union from this lawsuit and release it from further liability in connection with the policy which is the subject of this case.

### ATTORNEYS' FEES AND COSTS

National Union also seeks an award of its attorneys' fees and costs incurred in prosecuting this action. Attorneys' fees and costs are properly awarded upon discharge of a disinterested stakeholder in an interpleader action. See Byers v. Sheets, 643 F. Supp. 695, 696-97 (W. D. Mo. 1986). The attorneys' fees and costs of National Union are set forth in the Affidavit of Paul B. Lee, which provides that National Union has incurred $5,940.00 in attorneys' fees and $776.65 in court costs in prosecution of its complaint in interpleader. The Court finds that these

fees and costs were necessarily incurred in prosecuting this action and are fair and reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment of Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania, is dismissed from this lawsuit and released from any and all further liability with respect to any claim by any of the defendants to the proceeds of its liability policy which it deposited into the registry of this Court on May 11, 2010.

**IT IS FURTHER ORDERED** that defendants are currently and perpetually restrained and enjoined from instituting or prosecuting any proceedings against National Union, in any state Court or any United States Court or Administrative tribunal in any way related to the proceeds of the aforesaid policy issued by National Union.

**IT IS FURTHER ORDERED** that Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania, is awarded its attorneys' fees and costs and shall file a proposed pay-out order for disbursement with the Clerk of the Court for the total sum of $6,716.65, representing attorneys' fees in the amount of $5,940.00 and costs in the amount of $776.65.

So ordered this 2nd day of March, 2011

_____
United States District Judge